UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ORANGE TRANSPORTATION SERVICES, INC.,

                                       Plaintiff,

v.                                                            Case # 19-CV-6289-FPG

                                                                     DECISION AND ORDER

VOLVO GROUP NORTH AMERICA, LLC,

                                       Defendant.
_____

## INTRODUCTION

Plaintiff Orange Transportation Services, Inc. brought this action against Defendant Volvo Group North America, LLC for breach of warranty, fraud, breach of the duty of good faith and fair dealing, and violation of New York law. ECF No. 1. Now before the court is Volvo's motion to dismiss Orange Transportation's Complaint pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(1), and 12(b)(6). ECF No. 7; ECF No. 7-3 at 1. Volvo's motion to dismiss Orange Transportation's Complaint, ECF No. 7, is GRANTED IN PART and the remainder is held in abeyance. Orange Transportation is ORDERED TO SHOW CAUSE as to why the Court should not dismiss the remainder of its Complaint *sua sponte* for lack of subject matter jurisdiction.

## RELEVANT FACTS

Orange Transportation claims diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1 ¶ 8. Orange Transportation hauls freight long distances and is a South Carolina corporation with its principal place of business in New York. *See id* ¶¶ 9, 34. Orange Transportation alleges, "[u]pon information and belief," that Volvo is a Delaware corporation with its principal place of business in North Carolina. *Id.* ¶ 10; *see also id.* ¶ 15 (alleging Volvo is a Delaware corporation registered to do business in New York). Volvo manufactures, markets, and sells "Class 8" trucks ("semi-

trucks") in the United States. *Id.* ¶¶ 18, 19. It is currently the largest semi-truck manufacturer in North America. *Id.* ¶ 19.

Orange Transportation allegedly purchased twenty-four semi-trucks from Volvo on October 9, 2014. *Id.* ¶¶ 28, 35. Volvo delivered the semi-trucks to Orange Transportation in early 2015. *Id.* ¶ 35. Orange Transportation allegedly notified Volvo's representatives as it placed each truck in service so that Volvo could register the warranty. *Id.* ¶ 35. Orange Transportation claims the semi-trucks had defects resulting in significant malfunctions and lost revenue. *Id.* ¶¶ 1, 29, 30. Orange Transportation asserts claims against Volvo for breach of express warranty, breach of implied warranty of merchantability, common law fraud, breach of the duty of good faith and fair dealing, and violation of New York consumer protection law. *Id.* ¶¶ 77–127.

Volvo alleges that eighteen of the semi-trucks at issue were not in fact purchased by Orange Transportation and argues that Orange Transportation lacks standing with respect to those trucks. ECF No. 7-3 at 4. Volvo submitted documents produced by Orange Transportation as part of the parties' pre-suit discussions: invoices for the sale of Volvo trucks, note and security agreements, and vehicle title acknowledgements. ECF No. 7-1; ECF No. 12 (filed under seal). The invoices appear to reflect Orange Transportation's purchase of six "2016 Volvo Model VNL64T" semi-trucks from a third party, Buffalo Truck Center, Inc. ECF No. 12. Separate invoices reflect Dallas Logistics, Inc.'s purchase of eighteen of the same model semi-trucks from Buffalo Truck. *Id.* Ex. A.

Volvo submitted three note and security agreements and associated vehicle title acknowledgements, one each between Banc of America Leasing & Capital, LLC and (1) Orange Transportation, (2) Dallas Logistics, and (3) Logic Incorporated respectively. *Id.* Exs. B–D. The Orange Transportation note appears to reflect a security interest in the six semi-trucks Buffalo

Truck sold to Orange Transportation (based on the VIN numbers for the vehicles), and the associated title acknowledgement reflects Orange Transportation's obligation to provide Banc of America certificates of title for the semi-trucks noting Banc of America's security interest. *Id.* Ex. B. The notes and associated title acknowledgements for Dallas Logistics and Logic Incorporated are substantively similar but relate to seventeen of the eighteen semi-trucks Buffalo Truck sold to Dallas Logistics (six of which are associated with the Logic Incorporated documents and the remaining eleven with the Dallas Logistics documents). *Id.* Exs. C, D. A warranty bill of sale included with the Logic Incorporated note shows the sale of six of the semi-trucks from Dallas Logistics to Logic Incorporated. *Id.* Ex. D.

Orange Transportation claims that it is affiliated with Dallas Logistics and Logic Incorporated and that both entities assigned "their rights to [Orange Transportation] to simplify this litigation." ECF No. 15 at 1. Orange Transportation has not submitted any evidence in opposition to Volvo's motion.

## LEGAL STANDARD

A federal district court is "'of limited jurisdiction' w[ith] powers . . . confined to statutorily and constitutionally granted authority." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56 (2d Cir. 2006) (quoting *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005)). "The Supreme Court has made clear that a court should not assume 'hypothetical jurisdiction' over a case for purposes of adjudicating the merits when its jurisdiction is 'in doubt,' because to do so would 'carr[y] the courts beyond the bounds of authorized judicial action.'" *In re Facebook, Inc.*, 797 F.3d 148, 155 (2d Cir. 2015) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (alterations in *Facebook*)). For the Court to have subject matter jurisdiction here, Orange

3

Transportation must have constitutional standing and the Court must have statutory jurisdiction over the dispute.

**I.      Standing**

"Article III, § 2, of the Constitution extends the 'judicial Power' of the United States only to 'Cases' and 'Controversies.'" *Steel Co.*, 523 U.S. at 102. Accordingly, this Court has "an obligation to assure [itself] of litigants' standing under Article III." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340 (2006) (internal quotation omitted). A plaintiff must "have suffered (1) a concrete, particularized, and actual or imminent injury-in-fact (2) that is traceable to defendant's conduct and (3) likely to be redressed by a favorable decision." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (quotations omitted).

Even if a party sufficiently establishes "injury-in-fact to satisfy Article III of the Constitution," the Supreme Court has established prudential standing limitations. *Hodel v. Irving*, 481 U.S. 704, 711 (1987). One such limitation is that a "plaintiff generally must assert his own legal rights and interests." *Id.* Like Article III limitations on standing, prudential limitations are "a prerequisite to federal subject matter jurisdiction." *Wright v. BankAmerica Corp.*, 219 F.3d 79, 89 (2d Cir. 2000). To successfully oppose a motion to dismiss, the plaintiff must "clearly . . . allege facts demonstrating that [they are] a proper party to invoke judicial resolution of the dispute." *Thompson v. County of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994) (quoting *FW/PBS, Inc. v. City of Dall.*, 493 U.S. 215, 231 (1990)).

A defendant may move to dismiss for lack of standing under Rule 12(b)(1) based either on the face of the complaint and associated exhibits or based on facts beyond the pleadings. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016). If the challenge is facial, the plaintiff bears no evidentiary burden and the court simply determines whether the plaintiff "alleges facts

that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Id.* at 56 (quotations and alterations omitted). If a defendant makes a fact-based Rule 12(b)(1) motion, defendant may proffer evidence beyond the pleadings and, if the evidence reveals a standing problem, the plaintiff must rebut defendant's evidence with evidence of its own. *Id.* at 57. The court must then make findings of fact to resolve any material factual disputes. *Id.* The plaintiff, however, may "rely on the allegations in [its pleadings] if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Id.*

## II. Diversity Jurisdiction

Even if the constitutional minimums and prudential considerations of standing are satisfied, this Court must still ensure that it has statutory jurisdiction over this dispute. "In the absence of such jurisdiction, any rulings by the Court in this action would be void." *S Rock Partners, LLC v. Kiselev*, No. 3:17-CV-1670, 2018 WL 888725, at *5 (D. Conn. Feb. 14, 2018). This Court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); *see also Exxon*, 545 U.S. at 553–54 (noting the requirement of "complete diversity"). The plaintiff "bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (quotations omitted). Complete diversity exists where each plaintiff's citizenship is different from the citizenship of each defendant. *Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009).

A corporation is a citizen of every state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A limited liability company shares the citizenship of each of its members. *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000); *see also*

5

*Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) ("Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well.").

## DISCUSSION

Volvo argues that Orange Transportation lacks standing to assert claims with respect to eighteen of the twenty-four semi-trucks. ECF No. 7-3 at 11–12. Although neither party has questioned this Court's statutory jurisdiction, the Supreme Court has "noted the existence of an 'inflexible' rule that 'without exception' requires federal courts, on their own motion, to determine if jurisdiction is lacking." *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (quoting *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Unlike personal jurisdiction, "subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). For this matter to proceed, Orange Transportation must have standing and, if it does, the dispute between the parties must fall within the Court's diversity jurisdiction.

### I. Orange Transportation's Standing

Volvo argues that Orange Transportation lacks standing with respect to the eighteen semi-trucks it allegedly did not purchase and that Orange Transportation may not assert the rights of the purchasing party or parties. ECF No. 7-3 at 4–5. There is no dispute that Orange Transportation has standing with respect to the remaining six semi-trucks at issue. In other words, Orange Transportation has alleged it suffered a concrete injury that is traceable to Volvo's conduct and that is likely to be redressed by a favorable decision with respect to the six trucks it purchased. *See Amidax Trading Grp.*, 671 F.3d at 145.

6

The Supreme Court has made clear that "a plaintiff must demonstrate standing for each claim [it] seeks to press." *DaimlerChrysler*, 547 U.S. at 352; *see also Mahon v. Ticor Title Ins.*, 683 F.3d 59, 62–66 (2d Cir. 2012) (holding that plaintiff needed to demonstrate standing with respect to each individual defendant she sought to sue).[1] This case presents the question of what constitutes a separate claim. Specifically, is Orange Transportation pressing separate claims only for its five causes of action or does it have separate claims for all twenty-four of the semi-trucks for each of its causes of action? Neither party has presented a case that squarely answers this question, but both appear to agree that Orange Transportation must demonstrate standing with respect to its claims related to the semi-trucks it did not purchase. *See* ECF No. 7-3 at 4–5; ECF No. 15 at 1. This approach appears correct. *See Holve v. McCormick & Co.*, 334 F. Supp. 3d 535, 545–48 (W.D.N.Y. 2018) (analyzing consumer protection and related claims based on individual products and concluding that plaintiff had standing to bring claims regarding products she had purchased, but did not have standing with respect to products she did not purchase); *see also Catalano v. BMW of N.A., LLC*, 167 F. Supp. 3d 540, 553–54 (S.D.N.Y. 2016) (holding that claims against one defendant must be dismissed where plaintiff had not asserted viable claims against that defendant regarding "any product that he himself purchased"); *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996) ("[S]tanding is not dispensed in gross.").[2]

---

[1] A party must also "demonstrate standing separately for each form of relief sought." *DaimlerChrysler*, 547 U.S. at 352 (quotation omitted). The Court assumes without deciding that Orange Transportation has standing to seek the relief requested in its Complaint.

[2] Some courts have found standing where a putative class representative seeks to press claims against a defendant regarding a number of products on behalf of a putative class even if the representative has only purchased some of the products at issue. *See, e.g.,*, *O'Neill v. Standard Homeopathic Co.*, 346 F. Supp. 3d 511, 528–29 (S.D.N.Y. 2018). In such cases, the courts have elected to resolve the viability of class claims regarding products the putative class representatives did not purchase as part of the class certification analysis. *Id.* Other courts have recognized the tension that exists between the "entire concept of class actions" and the "requirement of standing." *Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, 862 F. Supp. 2d 322, 332 (S.D.N.Y. 2012). No such tension, however, exists in this case. Orange Transportation

Orange Transportation, therefore, cannot rely on its standing to assert claims related to the six semi-trucks it purchased to establish standing with respect to the trucks it did not purchase. The Court must examine Orange Transportation's standing with respect to those trucks separately. To do so, the Court must first determine what information is properly before it. Orange Transportation claims that the documents presented by Volvo may not be considered. Orange Transportation is incorrect. *Carter*, 822 F.3d at 57. Volvo does not facially challenge Orange Transportation's standing, but instead makes a fact-based Rule 12(b)(1) motion. Because Orange Transportation has not put forward evidence of its own, Orange Transportation's standing must rest on uncontradicted allegations in its Complaint. *Id.*

Volvo has presented evidence showing that a third-party entity, Buffalo Truck, sold eighteen trucks to another third-party entity, Dallas Logistics. ECF No. 12. Volvo's evidence also shows that six of those eighteen trucks were sold by Dallas Logistics to another third-party entity, Logic Incorporated. *Id.* Ex. D. On its face, this evidence does not present a standing problem. Orange Transportation specifically alleges that it "purchased more than twenty Volvo trucks" and that representatives for Buffalo Truck and Volvo "secured an order for twenty-four . . . trucks." ECF No 1. ¶¶ 28, 35. Volvo's documents do not necessarily contradict these allegations (Orange Transportation could have later purchased the semi-trucks through these allegedly related entities or purchased eighteen different trucks entirely), which would typically result in a finding that Orange Transportation has standing. *See DaCorta v. AM Retail Grp., Inc.*, No. 16-CV-01748, 2018 WL 557909, at *6 (S.D.N.Y. Jan. 23, 2018) (noting that, although defendant presented evidence relevant to plaintiff's injury and plaintiff presented no contrary evidence, the evidence did not eliminate the possibility that plaintiff was injured and had standing); *Haley v. Teachers Ins. &*

---

has provided no justification as to why it should be permitted to press claims related to semi-trucks it did not purchase.

*Annuity Ass'n of Am.*, No. 17-CV-855, 2018 WL 1585673, at *3–4 (S.D.N.Y. Mar. 28, 2018) (holding that, although defendant provided some evidence that its competitors charged higher fees, that evidence did not necessarily contradict plaintiff's allegations of injury-in-fact by defendant's unreasonable fees).

But Orange Transportation does not dispute that it did not purchase eighteen of the semi-trucks. ECF No. 15 at 1. This raises both Article III problems—in that it is unclear how Orange Transportation could be injured with respect to semi-trucks it did not purchase—and prudential concerns—in that Orange Transportation is attempting to assert the rights of other third-party entities. *See Hodel*, 481 U.S. at 711. Orange Transportation argues—in stark contrast to its Complaint allegations—that the trucks were purchased by its affiliated entities. ECF No. 1; ECF No. 15 at 1. Even assuming the entities' affiliation, that fact alone would not provide Orange Transportation standing to bring suit on their behalf. "It is black-letter law that one corporation cannot assert an affiliate's legal rights." *Clarex Ltd. v. Natixis Sec. Am. LLC*, No. 12-CV-0722, 2012 WL 4849146, at *6 (S.D.N.Y. Oct. 12, 2012) (rejecting theory of standing based on common ownership of subsidiaries) (collecting cases).

Orange Transportation next argues that the affiliated entities assigned their rights to bring this suit to Orange Transportation. The Supreme Court has removed all doubt that an assignee may sue based on the rights of an assignor without fear of standing issues. *Sprint Commc'ns Co. v. APCC Servs., Inc.*, 554 U.S. 269, 285–89 (2008). If the related entities properly assigned their claims to Orange Transportation prior to it initiating this suit, Orange Transportation would have standing to pursue those claims. *See Clarex*, 2012 WL 4849146, at *4–6.[3] The evidence presented

---

[3] The Court must "give careful scrutiny to" any such assignment that may have been made in an effort to circumvent the limits of the Court's diversity jurisdiction. *See Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 862–63 (2d Cir. 1995) (holding that an assignment from a nondiverse entity to a diverse entity with "close ties" was presumptively ineffective).

by Volvo does not contradict this argument. Orange Transportation, however, asserts this argument in its brief, without citation to any evidence, and the argument contradicts the allegations in Orange Transportation's Complaint. ECF No. 1 ¶ 28. This is insufficient to establish standing. *See O'Brien v. Nat'l Prop. Analysts Partners*, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("It is axiomatic that the Complaint cannot be amended by the briefs in opposition to a motion to dismiss."); *see also King Iron Bridge & Mfg. Co. v. County of Otoe*, 120 U.S. 225, 226 (1887) (facts supporting jurisdiction must "appea[r] affirmatively from the record").

Finally, Orange Transportation argues that it holds the warranty on all of the semi-trucks. This claim is not contradicted by the evidence presented by Volvo and is supported by allegations in Orange Transportation's Complaint. ECF No. 1 ¶ 35. It is unclear how this allegation would support standing with respect to Orange Transportation's non-warranty-based claims. Even with respect to its warranty-based claims, this allegation alone is insufficient to confer standing. Although New York law[4] does not necessarily require parties to be in privity for a party to assert certain warranty claims, *see, e.g.*, *Randy Knitwear, Inc. v. Am. Cyanamid Co.*, 181 N.E.2d 399 (N.Y. 1962), Orange Transportation has not explained how it was injured by the mechanical difficulties of semi-trucks it did not purchase. *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 39 (1976) ("The necessity that the plaintiff who seeks to invoke judicial power stand to profit in some personal interest remains an Art. III requirement. A federal court cannot ignore this requirement without overstepping its assigned role in our system of adjudicating only actual cases and controversies."); *In re Direxion Shares ETF Tr.*, 279 F.R.D. 221, 230 (S.D.N.Y. 2012) ("Plaintiffs have not been personally injured with respect to any losses related to BGZ and TZA

---

[4] The parties assume that New York substantive law applies for purposes of Volvo's motion, which is "sufficient to establish the applicable choice of law." *Golden Pac. Bancorp v. F.D.I.C.*, 273 F.3d 509, 514 n.4 (2d Cir. 2001).

because they never owned shares in those Funds. Thus, they do not have any injury traceable to purchases in those particular Funds and have no standing to assert claims in relation to funds in which they did not personally invest." (internal quotations and alterations omitted)).

In short, given that Orange Transportation does not dispute that it did not purchase eighteen of the semi-trucks, it has not alleged facts demonstrating that it is the "proper party to invoke judicial resolution of the dispute" with respect to those trucks. *Thompson v. County of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994) (quoting *FW/PBS, Inc.*, 493 U.S. at 231). Orange Transportation's claims with respect to the eighteen semi-trucks that it did not purchase are DISMISSED WITHOUT PREJUDICE.

## II. The Court's Diversity Jurisdiction

Orange Transportation alleges that this Court has diversity jurisdiction over this dispute. ECF No. 1 ¶ 8 (citing 28 U.S.C. § 1332(a)). This case satisfies the $75,000 amount in controversy threshold. *See id.* ¶¶ 8, 28, 35, 72–74, 76 (alleging that Orange Transportation sold at least six of the semi-trucks at a loss of over $25,000 per vehicle). Orange Transportation has not, however, shown that the parties to this dispute are completely diverse.

Orange Transportation has adequately alleged that it is a citizen of New York (its principal place of business) and South Carolina (its state of incorporation). *Id.* ¶ 9. Its allegations with respect to Volvo are more opaque. Orange Transportation alleges that Volvo is a Delaware corporation, but it also refers to Volvo as "Volvo Group North America, LLC." *Id.* at 1, ¶¶ 10, 12. Further, Orange Transportation alleges, "upon information and belief," that Volvo's principal place of business is in North Carolina. *Id.* ¶ 10. This Court has previously explained that conclusory allegations made "upon information and belief" are insufficient to establish citizenship for purposes of diversity. *Go Farm Hemp, LLC v. Canopy Growth USA, LLC*, 19-CV-1370, 2019 WL

11

5842908, at *2 (W.D.N.Y. Nov. 7, 2019). If Volvo's actual principal place of business is either New York or South Carolina, the Court does not have diversity jurisdiction. *See, e.g.*, *Pinnacle Consultants, Ltd. v. Leucadia Nat'l Corp.*, 101 F.3d 900, 906–07 (2d Cir. 1996).

Further, if Volvo is not actually a "corporation" but is in fact a limited liability company,[5] Orange Transportation must identify each of its members and specify the citizenship of each member. *Snyder Corp. v. Fitness Ridge Worldwide, LLC*, No. 18-CV-351, 2018 WL 1428254, at *2 (W.D.N.Y. Mar. 22, 2018). If Volvo is a limited liability company and any of its members are a citizen of either South Carolina or New York, then the Court does not have diversity jurisdiction. *Id.*

Orange Transportation has failed to establish the citizenship of Volvo and must do so before this case proceeds. Accordingly, Orange Transportation is ordered to SHOW CAUSE as to why the Court should not dismiss the remainder of its Complaint for failure to establish Volvo's citizenship.

## CONCLUSION

Volvo's motion to dismiss Orange Transportation's Complaint, ECF No. 7, is GRANTED IN PART and the remainder is held in abeyance pending resolution of the jurisdictional issues discussed above. Orange Transportation's claims with respect to the eighteen semi-trucks that it did not purchase are DISMISSED WITHOUT PREJUDICE. Plaintiff is ordered to SHOW CAUSE no later than February 5, 2020 as to why the Court should not dismiss its Complaint for failure to establish Volvo's citizenship for jurisdictional purposes. Volvo may respond by February

---

[5] The Court notes that Volvo is listed as a limited liability company on both New York's corporation and business entity database and Delaware's entity search website. *See* Search the Corporation & Business Entity Database, New York Department of State, Division of Corporations, State Records & UCC, https://www.dos.ny.gov/corps/bus_entity_search.html (last visited Jan. 14, 2020); Entity Search, Delaware Department of State: Division of Corporations https://icis.corp.delaware.gov/ecorp/entitysearch/namesearch.aspx (last visited Jan. 14, 2020).

19, 2020. If Orange Transportation fails to comply, the Court will dismiss this matter for lack of jurisdiction.

    IT IS SO ORDERED.

Dated: January 15, 2020
       Rochester, New York

                                              _____
                                              HON. FRANK P. GERACI, JR.
                                              Chief Judge
                                              United States District Court